UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL A. MARRERO,                )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )      NO.  3:11-0249
                                   )      Judge Sharp/Bryant
VOLT TELECOMMUNICATIONS GROUP,     )
INC.,                              )
                                   )
     Defendant.                    )

**TO: The Honorable Kevin H. Sharp**

## REPORT AND RECOMMENDATION

Plaintiff Michael A. Marrero, proceeding pro se, filed his complaint alleging employment discrimination based upon race, national origin and age (Docket Entry No. 1).

Defendant Volt Telecommunications Group, Inc. has filed its motion to dismiss or, in the alternative, to compel arbitration and stay judicial proceedings (Docket Entry No. 13). Plaintiff Marrero has failed to respond to defendant's motion, and the time within which he was required to do so has expired.

On October 18, 2011, the undersigned Magistrate Judge issued an order requiring plaintiff Marrero to show cause on or before October 28, 2011, why defendant's motion to dismiss should not be granted. This order expressly admonished plaintiff that his failure to respond may cause the undersigned Magistrate Judge to recommend that his complaint be dismissed (Docket Entry No. 21). Despite this order to show cause, plaintiff has failed to file any response.

For the reasons stated below, the undersigned Magistrate Judge **recommends** that defendant's motion to dismiss or, in the alternative, to stay and compel arbitration should be **granted,** and that this case should be **dismissed** without prejudice.

### Analysis

A district court cannot grant a motion to dismiss simply because the adverse party has not responded.   The court is required, at a minimum, to examine the movant's motion to ensure that he has discharged his burden.  <u>Carver v. Bunch</u>, 946 F.2d 451, 455 (6th Cir. 1991).

It appears from the declaration of Louise Ross, Vice President of Human Resources for defendant Volt that plaintiff Marrero has executed two written employment agreements with defendant, dated March 12, 2008 and October 1, 2008, respectively, both of which contracts contained express agreements to arbitrate disputes arising from plaintiff's employment with defendant (Docket Entry No. 14). These arbitration provisions, which appear to be identical, state in pertinent part: "Any dispute, controversy or claim arising out of, involving, affecting or related in any way to this Agreement or a breach of this Agreement, or in any way arising out of, involving, affecting or related to Employee's employment or the conditions of employment or the termination of employment . . . shall be resolved by final and binding arbitration, pursuant to the Federal Arbitration Act, in accordance with the applicable

2

rules of the American Arbitration Association in the state where Employee is or was last employed by the Company."

In general, federal law favors enforcement of arbitration agreements. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983). In particular, the United States Supreme Court has held that arbitration agreements covering employment-related claims like those of plaintiff Marrero are enforceable within the provisions of the Federal Arbitration Act. <u>Circuit City Stores, Inc. v. Adams</u>, 532 U.S. 105, 119 (2001).

From the foregoing authorities and the record in this case, the undersigned Magistrate Judge finds (1) that the Title VII employment discrimination claims of plaintiff Marrero are generally subject to arbitration; (2) that the parties have executed a valid arbitration agreement; and (3) that plaintiff's employment discrimination claims fall within the scope of the arbitration provision in the contracts. Accordingly, the undersigned Magistrate Judge finds that defendant's motion to compel arbitration must be **granted**. In addition, the undersigned Magistrate Judge finds that since all claims raised in the complaint are arbitrable, retaining jurisdiction and staying this action serves no purpose. Therefore, the complaint should be **dismissed**. <u>Green v. Ameritech Corp.</u>, 200 F.3d 967, 973 (6th Cir. 2000).

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion to dismiss should be **GRANTED** and the complaint **DISMISSED** without prejudice to plaintiff's right to submit his claims to arbitration.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

ENTERED this 1st day of November 2011.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

4